UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

PING CHOW WEI,                      :     ECF CASE
               Plaintiff,      :     Civil Action No.:
                      :     2:16-cv-00468(SJF)(AKT)
                      :

     -against-             :
                      :

ANTHEM INC., f/k/a THE WELLPOINT   :
COMPANIES, AMERIGROUP CORP.,    :
            Defendants.     :
                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS ANTHEM INC. F/K/A THE WELLPOINT COMPANIES AND
AMERIGROUP CORP.'S REPLY IN FURTHER
<u>SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Dated: New York, New York
       September 12, 2017

Howard M. Wexler
Kevin R. Brady
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendants Anthem Inc., f/k/a
The WellPoint Companies and Amerigroup Corp.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ……………………………………………………...............1

ARGUMENT …………………………………………………………………………………..1

I.      DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
        SHOULD BE ADMITTED …………………………………………………………....1

II.     PLAINTIFF'S AGE DISCRIMINATION CLAIM SHOULD BE DISMISSED ………..3

        A.      Plaintiff's Failure to Establish a Constructive Discharge
                Or Any Adverse Action Is Fatal To Her Claims …………………………………4

        B.      Plaintiff Fails To Raise Any Inference of Age Discrimination …………………6

        C.      Plaintiff Fails To Identify Any Similarly-Situated Younger Employee
                Treated More Favorably Than She Was………………………………………….7

        D.      Plaintiff Has Failed to Establish Any of the Employment Actions
                At Issue Were Pretext For Age Discrimination ………………………………..8

III.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM
        MUST BE DISMISSED …………………………………………………………….....9

CONCLUSION ……………………………………………………………………………10

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Brierly v. Deer Park Union Free Sch. Dist.*, 359 F. Supp. 2d 275, 300 (E.D.N.Y. 2005) ……….6

*Berridge v. Nalco Co.*, 2013 U.S. Dist. LEXIS 88653, at *15 (D.N.J. June 25, 2013) …………..2

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*,
     769 F.2d 919, 924 (2d Cir. 1985) ………………………………………………………7

*Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) ………………………………………3

*Carter v. Verizon*, No. 13-cv-7579(KPF), 2015 WL 247344, at *7 (S.D.N.Y. Jan 20, 2015) …...8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ……………………………………………...4

*Colvin v. Keen*, No. 13-CV-3595(SJF)(ARL),

     2016 WL 5408117 at *3 (E.D.N.Y. Sept. 28, 2016) …………………………………..…5

*Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 495 (S.D.N.Y. 2000) …………………...5

*Deebs v. Alstom Transp., Inc.*, 346 F. App'x 654, 656-57 (2d Cir. 2009) …………………….…9

*Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750,
     2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) ………………………………9

*Feis v. United States,* 394 F. App'x 797, 799–800 (2d Cir. 2010) ………………………………..2

*Flood v. UBS Glob. Asset Mgmt., Inc.*, No. 10-cv-00374,
     2012 WL 288041, at *17 (S.D.N.Y. Feb. 1, 2012) ………………………………………7

*Fontanez v. Thompson,*  No.00-cv-2090(DFE),
     2003 WL 1964052 at *15 (S.D.N.Y. Apr. 24, 2003) ………………………………..…6

*Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) …………...…2

*Hayut v. State Univ. of New York*, 352 F.3d 733, 743 (2d Cir. 2003) ……………………………4

*Joseph v. Leavitt*, 465 F.3d 87, 91 (2d. Cir. 2006) …………………………………………..…6

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ………………..……5

*Katz v. Beth Israel Med. Ctr.*, 95 Civ. 7183,
     2001 WL 11064 at *12 (S.D.N.Y. Jan. 4, 2001) ………………………………………5

ii

*Lozada v. Delta Airlines, Inc.*, No. 13-cv-7388 (JPO),
    2014 WL 2738529, at *5 (S.D.N.Y. June 17, 2014) ………………………………10

*Matsushita Elec. Indus v Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) …………………3

*Mihalik v. Credit Agricole Cheuvreux North America, Inc.*,
    15 F.3d 102, 110 (2d Cir. 2013)……………………………………………………10

*Odom v. Doar*, No. 11 Civ. 152 (DLC),
    2011 WL 2923889, at *2 (S.D.N.Y. July 21, 2011) …………………………...………5

*Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) ……………………..……7

*Petrisch v. HSBC Bank USA, Inc.*, No. 07–CV–3303,
    2013 WL 1316712, at *17–18 (E.D.N.Y. Mar. 28, 2013) ………………………………10

*Rogers v. Fashion Inst. of Tech.,* No. 14-cv-6420,
    2016 *WL* 889590, at *5 (S.D.N.Y. Feb. 26, 2016) …………………………...………6

*Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 360 (2d Cir. 1993) …………………………………5

*Taylor v. New York City Dep't of Educ.*,
    No. 11–CV–3582, 2012 WL 5989874, at *10 (E.D.N.Y. Nov. 30, 2012) …………....…..6

*United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ………………………………...………2

## PRELIMINARY STATEMENT

On December 21, 2014, Plaintiff voluntarily resigned from her employment with Anthem.  Plaintiff admits she previously confirmed this fact to the U.S. Equal Employment Opportunity Commission ("EEOC") stating in her own words in a sworn document that the reason for her end of employment was due to her "planned resignation EOY [End of Year]." Plaintiff has failed to establish a *prima facie* of discrimination or hostile work environment due to age.  Instead, she submits material that is clearly intended to obfuscate the lack of any real opposition and to circumvent the inevitable outcome of Defendants' motion for summary judgment.  Specifically, Plaintiff submits her self-serving declaration (replete with inadmissible hearsay) about an alleged threat she learned 18 months *after* her employment ended and an alleged extramarital affair by her former supervisor, which have nothing to do with her age discrimination claims. Because Plaintiff's declaration does not create any issue of material fact, Defendants are entitled to summary judgment, and the Complaint should be dismissed.

## ARGUMENT

## I.   DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS SHOULD BE ADMITTED

As an initial matter, Plaintiff failed to offer admissible and relevant evidence to contest Defendants' Rule 56.1 Statement of Undisputed Material Facts ("SOF") and, thus, Defendants' SOF should be deemed admitted.  By way of example, Plaintiff avoids the most basic admissions that the Company is committed to providing equal employment opportunities (Pl. SOF ¶¶ 3, 5), even though she already admitted to the policy's existence and application in her deposition, and, instead, argues that the policy "encourages," but does not "require" employees to access it. (*Id.*) Plaintiff further attempts to dispute 20 of 50 paragraphs of Defendants' SOF with citations to her

self-serving declaration, many of which make absolutely no sense.[1]  For example, Paragraph 16 addresses Plaintiff's November 2012 job title change to a Marketplace Facilitated Enrollment Representative and that her work did not change in any material way with the title change, yet she attempts to contradict that paragraph with irrelevant conjecture by claiming she believes she should have received an "A-Exceptional Performance" rating that year, instead of a "B-Successful Performance" rating. (Pl. SOF ¶ 16.)  Likewise, in Paragraph 20, Plaintiff asserts that Mr. Chooi never asked Plaintiff if she was interested in applying for any openings in the Retention Department in 2014, yet her citation to Paragraph 20 of her Declaration refers only to her claim she was "falsely accused of stealing another colleague's work" without any reference to job openings.  (Pl. SOF ¶ 20, Pl. Decl. ¶ 20.)  Again, in Paragraph 22, she asserts she did not ask to be terminated so she could collect unemployment, yet her citation to Paragraph 22 of her Declaration refers to her July 14, 2014 complaint to human resources. (Pl. SOF ¶ 22; Pl. Decl. ¶ 22.)  As such, contrary to Plaintiff's claim that she disputes 31 of Defendants' 50 facts, all of the alleged disputes are unsupported by admissible (or even relevant) record citations and/or amount only to argument and, thus, should be rejected in full.[2]

Moreover, Plaintiff's self-serving, conclusory, contradictory and hearsay statements in her Opposition and Declaration and that contradict her prior sworn deposition testimony are inadmissible and insufficient to withstand summary judgment. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (plaintiff cannot defeat summary judgment by ignoring or misstating the record or by relying on "unsupported [factual] assertions ... conjecture

---

[1] Plaintiff's citations to her Declaration occur in Paragraphs 3, 7, 9, 16, 20-22, 26, 27, 32, 34, 36-39, 41, 43-45 and 48 of Plaintiff's Rule 56.1 Counterstatement of Material Facts, hereafter "Pl. SOF."

[2] *See Feis v. United States,* 394 F. App'x 797, 799–800 (2d Cir. 2010) (holding that a district court may "decline[ ] to 'consider as disputed any statement supported by admissible evidence to which Plaintiff objects, but does not support with evidence'") (quoting Loc. Civ. R. 56.1(d)).  Stated another way, "'Judges are not like pigs, hunting for truffles buried in briefs.'"  *Berridge v. Nalco Co.*, 2013 U.S. Dist. LEXIS 88653, at *15 (D.N.J. June 25, 2013) (*citing United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

2

or surmise") (citations omitted).  Indeed, "[i]t is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." *Colvin v. Keen*, No. 13-CV-3595(SJF)(ARL), 2016 WL 5408117 at *3 (E.D.N.Y. Sept. 28, 2016) (citation omitted) (rejecting self-serving declaration).  For example, Plaintiff's Declaration states that she protested the temporary assignment to Chinatown and that she had to "go through with it", whereas she admitted in her deposition that "because it was temporary, I was okay." (Pl. Decl. ¶¶ 27-29; Brady Decl., Ex. A, 278:10-17.)  Likewise, Plaintiff admitted in her deposition that her job title did not change to receptionist, and that she, and all the facilitated enrollers at the time rotated through covering receptionist duties with the change to the customer service model, but in her Declaration, she claims her "job duties [were] restricted to merely a receptionist." (Brady Decl., Ex. A, 283:15-25-284:1-10; Pl. Decl. ¶ 30.)  Plaintiff also claims in her Declaration that she told the EEOC that she "was left with no choice but to retire at the end of the year" (Pl. Decl. ¶ 31), yet it is clear from her testimony and her sworn EEOC document contains no such allegations, and instead states "planned resignation EOY [End of Year]." (Brady Decl., Ex. A, 306:11-16.)  The Court should disregard Plaintiff's Declaration.

## II.   PLAINTIFF'S AGE DISCRIMINATION CLAIM SHOULD BE DISMISSED

In response to Defendants' moving papers, Plaintiff was required to point to evidence in the record which she believes demonstrates there is a genuine issue of fact to be tried with respect to her claims, and it is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus v Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Plaintiff "must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration in original) (emphasis in original) (citation omitted). In opposing summary judgment, Plaintiff "must go beyond the pleadings" and "designate 'specific facts that there is a genuine issue for

3

trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).[3] A mere "scintilla of evidence in support of the [non-movant's] position" is inadequate. *Hayut v. State Univ. of New York,* 352 F.3d 733, 743 (2d Cir. 2003) (citation omitted). Plaintiff has failed to meet that burden.

## A. Plaintiff's Failure to Establish A Constructive Discharge or Any Adverse Action Is Fatal To Her Claims

Plaintiff's Opposition has utterly failed to establish she was constructively discharged or that she experienced any adverse action, a necessary element of her age discrimination claim. (Opp'n 12; Defs.' Brief 14.) In her deposition, Plaintiff admitted that her alleged "constructive discharge" occurred on November 21, 2014 when Mr. Chooi unjustly criticized her performance, yet she continued to work through December 23, 2014, and then the only event that caused her resignation was a "mean look" from Mr. Yang. (SOF ¶¶ 39, 41.) Indeed, Plaintiff admitted that on December 12, 2014 -- eleven days *before* she resigned -- she told the EEOC in her intake questionnaire that the reason for the end of her employment was "planned resignation EOY [End of Year]." (SOF ¶ 42.) Now, in Opposition, she attempts to create a "constructive discharge" by: (1) referring to an alleged threat that Mr. Yang made only to Alice Lee about Plaintiff after she resigned, and of which Plaintiff first learned about on June 3, 2016 when she met with Ms. Lee -- *18 months after her resignation* (Opp'n 12; SOF ¶ 45); and (2) alleged comments about her age, which she concedes Human Resources investigated and resolved to her satisfaction in July 2014 -- *five months before her resignation* -- and Plaintiff did not raise any further concerns related to her complaint after that time. (SOF ¶ 32; Pl. Decl. ¶¶ 23-24.)

As a matter of law, a constructive discharge cannot be "planned," and likewise, an alleged threat never made to Plaintiff, which she first learned about *18 months after her*

---

[3] Plaintiff cites only her Complaint for the unsupported proposition that Mr. Yang berated and belittled her because of her age, while making jokes about her poor eyesight and retirement plans, which is insufficient at the summary judgment stage. (Opp'n at 15, citing Plaintiff's Complaint, ¶ 29.)

*resignation* cannot support a constructive discharge. Indeed, Courts in the Second Circuit have found no constructive discharge under far worse circumstances than what allegedly occurred here. *See, e.g.*, *Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 360 (2d Cir. 1993) (finding no constructive discharge where plaintiff alleged he was "ridiculed by his supervisor, ... harangued by executives, ... and suffered high blood pressure as a result of his supervisor's treatment"); *Katz v. Beth Israel Med. Ctr.*, 95 Civ. 7183, 2001 WL 11064 at \*12 (S.D.N.Y. Jan. 4, 2001) (finding no constructive discharge where plaintiff alleged that she was told to retire, unfairly disciplined, yelled at by her supervisors and threatened with termination).  Moreover, Plaintiff rejected an opportunity to transfer to the Retention Department and admitted that such a transfer working in different department and reporting to a different manager would be "[n]o problem. Should be all right." (SOF ¶¶ 20-21; Brady Decl., Ex. A, 116:16-25-117:1-11.) As such, "[a]n employee who fails to explore alternative avenues offered by her employer before concluding that resignation is the only option cannot make out a claim of constructive discharge." *Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 495 (S.D.N.Y. 2000).   Because Plaintiff has no facts to support a constructive discharge as a matter of law, summary judgment is proper.

Plaintiff has also failed to allege an adverse employment action to support her discrimination claim, though she now asserts that several actions were adverse, including the failure to provide her business cards and a table and chair, undesirable work locations with hills and long walks, a less favorable work schedule, four corrective actions[4], a final written warning, an accusation of stealing, a transfer to the Chinatown CSC (along with several other employees), and a reduction of job duties to a receptionist (while other employees also performed that

---

[4] The limitations period for claims based on the failure to provide business cards or a table and chair in 2008 (SOF ¶ 26, 30), or Plaintiff's Corrective Actions between 2009 and 2010 (SOF ¶ 12) has long since passed. *See Odom v. Doar*, No. 11 Civ. 152 (DLC), 2011 WL 2923889, at \*2 (S.D.N.Y. July 21, 2011), aff'd, 497 Fed. App'x 88 (2d Cir. 2012) (dismissing federal claims occurring more than 300 days before filing of EEOC complaint); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (three year limitations for NYCHRL and NYCHRL).

function in the absence of a receptionist) (Opp'n at 14); none of these amount to adverse actions.[5] Indeed, Plaintiff admits none of the actions were adverse, because despite them, she "was able to achieve and preserve her production goals" and "preserve and achieve success at her job." (Opp'n 14, 15.)  As Plaintiff cannot establish constructive discharge or any adverse action, which are necessary elements of her claim, she may proceed no further.

### B.  Plaintiff Fails To Raise Any Inference Of Age Discrimination

Plaintiff seeks to create an inference of age discrimination through time-barred events about the failure to provide her with business cards, a table, and a chair, which are unrelated to her age and which do not create an inference of age discrimination.[6] (Opp'n 15).  Plaintiff admits she did, in fact, receive business cards within a few months of her beginning employment, and that she did not complain about the business cards, or a lack of table and chair until *seven years later* in her July 2014 complaint to the Compliance hotline.  (SOF ¶25.)  In addition, Plaintiff's repeated reference that Defendants' investigation of her complaint was somehow inadequate, likewise, fails to create an inference of discrimination (Opp'n 16), because it is undisputed that the Company promptly investigated the four issues Plaintiff raised to the Compliance hotline, and Plaintiff admits that they were resolved to her satisfaction. (SOF ¶ 32; Pl. SOF ¶ 32.)  *See Rogers v. Fashion Inst. of Tech.*, No. 14-cv-6420, 2016 WL 889590, at *5 (S.D.N.Y. Feb. 26, 2016) (defendants "generally ignoring [plaintiff's] complaints of discrimination…does not constitute an adverse employment action").

---

[5] *See, e.g., Taylor v. New York City Dep't of Educ.*, No. 11–CV–3582, 2012 WL 5989874, at *10 (E.D.N.Y. Nov. 30, 2012) ("The courts in this Circuit have generally declined to find that transfers (or denials of transfers) amount to adverse employment actions ... where the action results merely in 'an inconvenience, such as an increased commute or unfavorable hours.'") (citation omitted); *Joseph v. Leavitt*, 465 F.3d 87, 91 (2d. Cir. 2006) ("The application of the [employer's] disciplinary policies to [the employee], without more, does not constitute an adverse employment action."); *Brierly v. Deer Park Union Free Sch. Dist.*, 359 F. Supp. 2d 275, 300 (E.D.N.Y. 2005) (finding that plaintiff failed to establish that formal reprimand constituted an adverse employment action absent a "tangible effect" on his employment).

[6] *See Fontanez v. Thompson*, No.00-cv-2090(DFE), 2003 WL 1964052 at *15 (S.D.N.Y. Apr. 24, 2003) (granting summary judgment to employer, holding time-barred events did not give rise to an inference of discrimination).

Plaintiff also fails to raise an inference of discrimination based on the timing of her resignation on December 21, 2014 and the resolution of her internal complaint five-and-a-half months earlier on July 14, 2014 – a time period that Second Circuit Courts generally find insufficient to establish causation. *See Flood v. UBS Glob. Asset Mgmt., Inc.*, No. 10-cv-00374, 2012 WL 288041, at *17 (S.D.N.Y. Feb. 1, 2012) ("courts in this Circuit have consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation").   Plaintiff has failed to raise an inference of age discrimination.

### C.   Plaintiff Fails to Identify Any Similarly-Situated Younger Employee Treated More Favorably Than She Was

In her Opposition, but not in her Complaint, Plaintiff contends that Ada Yang, who Plaintiff asserts had an extramarital affair with Mr. Yang without citing any admissible evidence[7] to support this new allegation, was similarly situated to Plaintiff and that she received favorable schedules and off site-job locations and was given "drastically less receptionist duties" than Plaintiff was given in November and December 2014. (Opp'n at 17.)  Plaintiff's comparison fails for several reasons. First, it is undisputed that Ada Yang was one of the several employees temporarily assigned to cover the Chinatown CSC along with Plaintiff and that she also covered the receptionist duties along with Plaintiff and others; thus, Ada Yang was not treated more favorably than Plaintiff.  (SOF ¶ 32, 37.)  Second, while Mr. Yang denied any extramarital affair with Ada Yang, testifying that they went on business or event dinners sometimes, but not for

---

[7] Plaintiff's conclusory assertion that Ada Yang had an extramarital affair with Mr. Yang is based solely upon her citation to Paragraph 13 of her Declaration (Opp'n at 15), which is inadmissible hearsay and should be disregarded. *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) ("[A]n affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial.") (citation omitted)); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (a party "cannot rely on inadmissible hearsay in opposing a motion for summary judgment").

"pleasure," (Yang Dep. 10-11, **Ex. A**)[8], assuming *arguendo* that he did have a relationship with Ada Yang, nepotism, which is not by itself illegal, is not impermissible age discrimination. *See Carter v. Verizon*, No. 13-cv-7579(KPF), 2015 WL 247344, at *7 (S.D.N.Y. Jan 20, 2015) (noting that "favoritism" is "a *fortiori* [] not discriminatory animus"). Finally, Plaintiff admits that Mr. Yang terminated the employment of a younger employee, Ms. Lin, for her failure to meet her production goals (SOF ¶ 14), thus negating any inference of discrimination due to age.

### D. Plaintiff Has Failed To Establish Any of The Employment Actions At Issue Were Pretext for Age Discrimination

Even if Plaintiff could establish a *prima facie* case, which she cannot, she has failed to provide sufficient evidence that Defendants' legitimate nondiscriminatory reasons for their decisions were pretext for intentional age discrimination. Defendants' Memorandum provides a detailed description of the rationale behind the challenged actions, including the fact that Defendants took no adverse action against Plaintiff and instead, offered her a position in the Retention Department. (*See* Defs.' Mem. at 21-22.) Plaintiff asserts that "most of the discriminatory acts occurred from 2011-2014" (Opp'n at 19), yet she admits that she *never* complained of alleged discrimination until July 2014, and even then, the Company investigated her concerns and found them to be without merit; notably, Plaintiff concedes the issues were resolved to her satisfaction, and she did not raise any further concerns, except for the temporary assignment to the Chinatown CSC along with several other MPFEs, which again she admits because it was temporary, it was "okay, fine." (SOF ¶¶ 30-32; Brady Decl., Ex. A, 277-78.) As Defendants have established their legitimate, non-discriminatory reasons for any actions towards Plaintiff, and as discussed above, and Plaintiff has failed to establish a "constructive discharge" or any pretext for discrimination, her age discrimination claim fails and should be dismissed.

---

[8] Attached hereto as Exhibit A, Defendants supplement the pages of the deposition of William Yang attached to the moving papers as Exhibit B to the Brady Declaration.

**III.   PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM MUST BE DISMISSED**

Plaintiff asserts that she "clearly meets the NYCHRL hostile work environment standard," but chose to ignore Defendants' analysis of her hostile work environment due to age under the ADEA. (Opp'n 20-21.)  As Plaintiff has failed to respond to Defendants' argument that her hostile work environment claim due to her age under the ADEA should not survive summary judgment, Plaintiff should be deemed to have consented to Defendants' argument. *See Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n.108 (S.D.N.Y. Sept. 8, 2009) (plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).[9]

While Plaintiff contends in support of her NYCHRL claim that she was treated less well than similarly situated "younger employees" (she has identified only Ada Yang) and was subject to frequent comments about her age, she admits she never complained about any such conduct until July 2014, which was resolved to her satisfaction.  (SOF ¶¶ 30-32).  Moreover, Plaintiff admits that she was unaware of any alleged threat, again, which Mr. Yang denies, until 18 months after her employment ended. (SOF ¶44; Pl. SOF ¶44.)  It is therefore impossible for this alleged threat -- only allegedly communicated to Alice Lee -- to have impacted Plaintiff's decision to resign from her employment. (SOF ¶ 48.) As such, Plaintiff is left only with her conclusory assertions that she experienced a hostile work environment due to her age, and it is well settled that Anthem's overwhelming documentary evidence to the contrary, precludes a trial on this issue.  *See, e.g.*, *Deebs v. Alstom Transp., Inc.*, 346 F. App'x 654, 656-57 (2d Cir. 2009) (affirming grant of summary judgment holding "[T]he only 'evidence' cited in plaintiffs' brief is

---

[9] Defendants inadvertently overlooked the Court's page limitation for briefs and inserted a page and a half of additional argument on Plaintiff's hostile work environment claim due to her age. (Defs.' Mem., pp. 26-27.)  As there was no apparent prejudice to Plaintiff, who addressed Defendants' arguments in 21 pages of Plaintiff's brief, Defendants respectfully request leave of the Court to accept the additional material and consider it in support of their motion, or alternatively, for Defendants to submit a conforming brief within the page limitation.

their own self-serving testimony and [the] plaintiffs have 'made no attempt ... to square their own speculative, and subjective, testimony with the hard evidence adduced during discovery. Such evidence is insufficient to defeat summary judgment.'"); *Lozada v. Delta Airlines, Inc.*, No. 13-cv-7388 (JPO), 2014 WL 2738529, at *5 (S.D.N.Y. June 17, 2014) (plaintiff's "self-serving, incomplete, and inconsistent" deposition testimony was "not sufficient to create a genuine dispute of fact in light of [defendant's] documented evidence").

There is simply no evidence that Mr. Yang created an environment that was particularly difficult for employees due to their age, or otherwise treated Plaintiff "less well" due to her age.[10] Considering the totality of the circumstances, no reasonable jury could find that Plaintiff was treated less well than other employees because of her age, and there is no evidence from which a reasonable jury could find a violation of the NYCHRL based on this conduct.[11] As such, Plaintiff's hostile work environment claim also fails and summary judgment is proper.

## CONCLUSION

For these reasons, and those set forth in Defendants' Memorandum, the Court should grant Defendants' motion for summary judgment.

Dated:  September 12, 2017                     SEYFARTH SHAW LLP
      New York, New York

                                         By:*/s/ Kevin R. Brady*_____
                                          Howard M. Wexler
                                          Kevin R. Brady
                                          620 Eighth Avenue
                                          New York, New York 10018
                                          (212) 218-5500
                                          *Attorneys for Defendants*

---

[10] *Petrisch v. HSBC Bank USA, Inc.*, No. 07–CV–3303, 2013 WL 1316712, at *17–18 (E.D.N.Y. Mar. 28, 2013) (finding that plaintiff's evidence "fail[ed] to give rise to an inference that she was treated unequally because of her protected characteristics" and therefore failed to raise a genuine issue of material fact regarding plaintiff's NYCHRL "hostile work environment claim").

[11] *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) ("It is not enough [under the NYCHRL] that a plaintiff has an overbearing or obnoxious boss. She must show that she has been treated less well at least in part 'because of her gender.'")

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2017, pursuant to Rule 4(B) of the Individual Practices of the Honorable Sandra J. Feuerstein, I caused to be ECF Filed the annexed Defendants' Reply Memorandum of Law In Further Support of Their Motion for Summary Judgment and served via regular mail upon the following counsel of record:

Neil M. Frank, Esq.
Anthony V. Merrill, Esq.
Frank & Associates, PC
500 Bi-County Blvd., Suite 465
Farmingdale, NY 11735

 */s/ Kevin R. Brady*
Kevin R. Brady

# EXHIBIT A

1

2   UNITED STATES DISTRICT COURT

3   EASTERN DISTRICT OF NEW YORK

4   -------------------------------------------x

5   PING CHOW WEI,

6                           Plaintiff,

7           -against-

8

9   ANTHEM INC., f/k/a THE WELLPOINT COMPANIES,

10  AMERIGROUP CORP.,

11                  Defendants.

12  -------------------------------------------x

13

14          EXAMINATION BEFORE TRIAL of the Defendant,

15  WILLIAM YANG on behalf of ANTHEM INC., taken by the

16  Plaintiff, pursuant to Court Order, held at the

17  offices of Frank & Associates, P.C., 500 Bi-County

18  Boulevard, Suite 465, Farmingdale, New York 11735,

19  on October 13, 2016, at 10:05 a.m. before a Notary

20  Public of the State of New York.

21
        ********************************************
22              AMERICAN STENOGRAPHIC, LLC
                 89-00 Sutphin Boulevard
23                    Suite 305
                  Jamaica, NY 11435
24               Tel-718-291-6600
                 Fax-718-291-6603
25                 855-US-STENO

---

**American Stenographic**
**Telephone:718-291-6600          www.Americansteno.com**

```
 1                          W. Yang
 2    Q.      Have you ever gone on a romantic date with
 3    Ada in the last ten years?
 4    A.      Do I have to answer the question?
 5    Q.      Yes.
 6    A.      Yes.
 7    Q.      Did you form any kind of relationship with
 8    Ada outside of work?
 9    A.      No.
10    Q.      But you were romantically involved with Ada
11    at some point?
12                   MR. BRADY:  Objection to form.  You
13              can answer.
14    A.      No.
15    Q.      So then how come you went on a romantic
16    date with Ada?
17                   MR. BRADY:  Objection to form.
18    A.      I can't explain the thing.
19    Q.      You can't explain why you went on a
20    romantic date with Ada?
21    A.      A dinner, is that a romantic date?
22    Q.      Did you go out to dinner with Ada?
23    A.      Yes.
24    Q.      How come?
25    A.      For many reasons; business sometimes, event
```

```
 1                        W. Yang
 2    sometimes, after work sometimes.  It's very
 3    relevant.
 4    Q.      How about for pleasure?
 5    A.      No.
 6    Q.      Is Ada one of your favorite associates?
 7                   MR. BRADY:  Objection to form.  You
 8            can answer.
 9    A.      No.  Everyone is my favorite.
10    Q.      Everyone?
11    A.      Yes.
12    Q.      Even Ping Chow Wei?
13    A.      Yeah, she was.
14    Q.      Have you ever informed Anthem that you went
15    out to dinner with Ada?
16    A.      No.
17    Q.      Why not?
18    A.      Because nothing to do with business-wise.
19    This is my personal --
20    Q.      Does Anthem have a policy that managers
21    cannot associate with associates outside of work?
22    A.      No, didn't say that.
23    Q.      Is there one or you're just not sure?
24    A.      Not sure.
25    Q.      What nationality is Ada?
```

```
 1
 2              C E R T I F I C A T E
 3
 4          I, JILLIAN D'AMADEO, hereby certify that
 5     the Examination Before Trial of WILLIAM YANG was
 6     held before me on the 13th day of October, 2016;
 7     that said witness was duly sworn before the
 8     commencement of his testimony; that the testimony
 9     was taken stenographically by myself and then
10     transcribed by myself; that the party was
11     represented by counsel as appears herein;
12          That the within transcript is a true
13     record of the Examination Before Trial of said
14     witness;
15          That I am not connected by blood or
16     marriage with any of the parties; that I am not
17     interested directly or indirectly in the outcome of
18     this matter; that I am not in the employ of any of
19     the counsel.
20          IN WITNESS WHEREOF, I have hereunto set my
21     hand this 25th day of October, 2016.
22
23     _____
24     JILLIAN D'AMADEO
25
```